IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., a Florida non-profit corporation and DENISE PAYNE, Individually, <br><br> Plaintiffs, <br><br> vs. <br><br> WINRAL REALTY ASSOCIATES L.L.C., a Delaware Limited Liability Company d/b/a Triangle Plaza, Raleigh, NC 27616, <br><br> Defendant. | Civil Action No. 5:10-CV-00290-FL |

Defendant Winral Realty Associates, LLC ("Winral" or "Defendant"), by counsel, hereby states its Answer to the Complaint of Plaintiffs National Alliance For Accessibility, Inc. ("Alliance") and Denise Payne ("Ms. Payne") (collectively, hereinafter "Plaintiffs"), as follows:

Defendant acknowledges that Plaintiffs purport to assert claims pursuant to the statutes alleged, but denies it has violated the alleged statutes and denies Plaintiffs are entitled to any relief whatsoever. Except as expressly admitted, Defendant denies the allegations contained in the paragraph beginning "COMES NOW DENISE PAYNE . . . ."

Answering the individually numbered paragraphs of Plaintiffs' Complaint and using corresponding numbers, Defendant states:

1. Defendant acknowledges that Plaintiffs purport to bring a private enforcement action pursuant to Title III of the Americans with Disabilities Act and purport to assert claims pursuant to the statutes alleged, but denies it has violated the alleged statutes and denies Plaintiffs are entitled to any relief whatsoever. The remaining allegations contained in paragraph

1 of the Complaint are legal conclusions to which no response is required. Except as expressly admitted, Defendant denies the allegations contained in paragraph 1 of the Complaint.

2. Defendant states that it lacks information sufficient to form a belief as to the facts alleged in paragraph 2 of the Complaint and therefore denies the same.

3. Defendant states that it lacks information sufficient to form a belief as to the facts alleged in paragraph 3 of the Complaint and therefore denies the same.

4. Defendant states that Winral Realty Associates, L.L.C. is a Delaware Limited Liability Company. Defendant further states that it owns the property known as Triangle Plaza Shopping Center, located on Capital Boulevard in Raleigh, North Carolina, having Wake County PIN #1727315410 [hereinafter, the "Property"]. Defendant denies that the "Just Tires" store referenced elsewhere in the Complaint is located on the Property. Except as expressly admitted, Defendant denies the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits that it transacts business in the State of North Carolina. The remaining allegations contained in paragraph 5 of the Complaint are legal conclusions to which no response is required. Except as expressly admitted, Defendant denies the allegations contained in paragraph 3 of the Complaint.

6. Defendant states that the Americans with Disabilities Act speaks for itself. Except as expressly admitted, Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. Defendant states that the Americans with Disabilities Act speaks for itself. Except as expressly admitted, Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies that it has discriminated against Ms. Payne and denies that Ms. Payne has encountered architectural barriers on the Property that have endangered her safety. Defendant states that it lacks information sufficient to form a belief as to the remaining facts alleged in paragraph 8 of the Complaint and therefore denies the same.

9. Defendant denies that it has discriminated against Alliance and/or its members and denies that Alliance and/or its members have suffered any injury as a result of any alleged discrimination by Defendant. Defendant states that it lacks information sufficient to form a belief as to the remaining facts alleged in paragraph 9 of the Complaint and therefore denies the same.

10. Defendant denies that the "Just Tires" store referenced in paragraph 9 of the Complaint is located on the Property. Defendant denies that Ms. Payne has been denied access or been endangered on the Property in violation of the law and denies the remaining allegations contained in paragraph 10.

11. Defendant states that the Americans with Disabilities Act speaks for itself. The remaining allegations contained in paragraph 11 of the Complaint are legal conclusions to which no response is required. Except as expressly admitted, Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant states that the Americans with Disabilities Act speaks for itself. Except as expressly admitted, Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant states that it lacks information sufficient to form a belief as to the facts alleged in paragraph 13 of the Complaint and therefore denies the same.

14. Defendant states that the Americans with Disabilities Act and the regulations cited in paragraph 14 speak for themselves. The remaining allegations contained in paragraph 14 of the Complaint are legal conclusions to which no response is required. Except as expressly admitted, Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies that it has discriminated against Ms. Payne, Alliance, or its members and denies that Ms. Payne, Alliance, or its members have suffered any injury as a result of any alleged discrimination by Defendant. Defendant states that it lacks information sufficient to form a belief as to the remaining facts alleged in paragraph 15 of the Complaint and therefore denies the same.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant states that the allegations contained in paragraph 17 of the Complaint are legal conclusions to which no response is required, including the allegations in subparagraphs 1 through 4 under the subheading "Parking," subparagraphs 1 and 2 under the subheading "Entrance Access and Path of Travel," subparagraphs 1 through 4 under the subheading "Access to Goods and Services," subparagraphs 1 through 8 under the subheading "Restrooms," and subparagraph 1 under the heading "Policies and Procedures," and therefore denies the same.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies that the Complaint states any violation of the ADA by Defendant. Defendant denies that Plaintiffs require an inspection of the Property. Defendant denies that Plaintiffs or other persons have encountered any barriers to access at the Property or have otherwise been discriminated against, injured or damaged, and Defendant denies that Plaintiffs are entitled to any relief whatsoever. Except as expressly admitted, Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant states that it lacks information sufficient to form a belief as to the facts alleged in paragraph 21 of the Complaint and therefore denies the same.

22. Defendant admits that Plaintiff has retained counsel. Except as expressly admitted, Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant states that the regulations cited in paragraph 23 speak for themselves and that the remaining allegations contained in paragraph 23 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies that it has caused any injury to Ms. Payne, Alliance, or its members. Defendant states that the Americans with Disabilities Act speaks for itself and that the remaining allegations contained in paragraph 24 of the Complaint are legal conclusions to which no response is required. Except as expressly admitted, Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies that the Complaint states any violation of the ADA by Defendant. Except as expressly admitted, Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant states that 42 U.S.C. § 12188 speaks for itself and that the remaining allegations contained in paragraph 26 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 26 of the Complaint.

Defendant denies the allegations contained in the paragraph beginning "WHEREFORE, Plaintiffs respectfully request" and denies that Plaintiffs are entitled to any relief whatsoever.

Except as expressly admitted, Defendant denies the allegations contained in the Complaint.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

Defendant hereby states the following affirmative and additional defenses to the Complaint as follows, but does not assume the burden of proof on any such defenses except as required by applicable law with respect to the particular defense asserted.

1.

Plaintiffs' Complaint is barred, in whole or in part, for failure to state a claim upon which relief can be granted.

2.

Plaintiffs' Complaint is barred, in whole or in part, because Plaintiffs have failed to exhaust the applicable statutory, jurisdictional, or administrative requirements or prerequisites.

3.

Plaintiffs' Complaint is barred, in whole or in part, for failure to join a necessary party.

4.

Plaintiffs have demanded modifications that are either not readily achievable, technically feasible, structurally practical, or otherwise required.

5.

To the extent the demanded modifications would fundamentally alter the nature of the goods, services, facilities, advantages, or accommodations, Defendant is not required to make such modifications.

6.

Plaintiff has demanded modifications that would either create an undue hardship on Defendant, or that would threaten the health and safety of Plaintiffs or others.

7.

To the extent any architectural barriers exist, they are merely technical violations within acceptable conventional building industry tolerances for field conditions, and taken as a whole, the Property is compliant with the ADA and its implementing regulations.

8.

Because Plaintiffs filed this action without first attempting to resolve the issues through alternative means of dispute resolution, as encouraged by Congress in 42 U.S.C. § 12212, this Court should exercise its discretion to deny Plaintiffs' attorneys' fees and costs incurred in this action.

9.

Defendant states that some of the claims set forth in Plaintiffs' Complaint are the responsibility of the Property's lessees.

10.

Plaintiffs' Complaint is barred in whole or in part because Plaintiffs lack standing to bring this action.

**Additional Affirmative Defenses**

Defendant reserves the right to assert additional defenses as Plaintiffs' claims are more fully disclosed during the course of this litigation.

WHEREFORE, Defendant requests that:

1. Plaintiffs have and recover nothing of Defendant and that Plaintiffs' claims be dismissed with prejudice;

2. The cost of this action be taxed against Plaintiffs;

3. Defendant recover its expenses, including reasonable attorneys' fees, incurred in defending this action to the extent allowed under applicable law; and

4. Defendant recover such further relief as the Court deems just and proper.

Respectfully submitted this the 13th day of September, 2010.

> KILPATRICK STOCKTON LLP
>
> /s/ David C. Lindsay
>
> Randall D. Avram
> N.C. State Bar No. 13403
> ravram@kilpatrickstockton.com
> David C. Lindsay
> N.C. State Bar No. 24380
> dlindsay@kilpatrickstockton.com
> 3737 Glenwood Avenue, Suite 400
> Raleigh, North Carolina 27612
> Phone: (919) 420-1700
> Fax:    (919) 420-1800
>
> *Attorneys for Defendant*
> *Winral Realty Associates, L.L.C.*

## CERTIFICATE OF SERVICE

I, hereby certify that on September 13, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>J.Y. London.
>Law Offices of J.Y. London
>ScooterLaw@gmail.com

>/s/ David C. Lindsay
>―――――――――――――――――
>David C. Lindsay
>N.C. State Bar No. 24380
>dlindsay@kilpatrickstockton.com

KILPATRICK STOCKTON, LLP
3737 Glenwood Ave., Suite 400
Raleigh, NC 27612
Phone (919) 420-1700